UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ANGEL VILLAFANE,

                               Plaintiff,                                **COMPLAINT**

          -against-                                 **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER GABOR KOLMAN (Shield No. 15117),
AND POLICE OFFICER SAJIT TOMY (Shield No. 7575),

                               Defendants.
-------------------------------------------------------------------------------X

Plaintiff, ANGEL VILLAFANE, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

1

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all relevant times hereinafter mentioned, Plaintiff was a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, Defendant POLICE OFFICER GABOR KOLMAN, was a duly sworn police officer of said department and was acting under the supervision of said department and according to his official duties. At all relevant times hereinafter mentioned, Defendant Kolman was a member of the Housing Borough Manhattan Impact Response Team.

10. At all times hereinafter mentioned, Defendant POLICE OFFICER SAJIT TOMY, was a duly sworn police officer of said department and was acting under the supervision of said department and according to his official duties. At all relevant times hereinafter mentioned, Defendant Tomy was a member of the Housing Borough Manhattan Impact Response Team.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

14. On January 4, 2016, at approximately 10:00 p.m., plaintiff ANGEL VILLAFANE, was lawfully present outside of his apartment building located at 210 East 102nd Street, County of New York, City and State of New York.

15. At that time and place, the individual Defendants arrived, approached plaintiff, and maced him.

16. The Defendants also assaulted Plaintiff by striking him on his body and head.

17. Plaintiff was not engaged in any suspicious, violent, or threatening behavior, nor was he engaged in any activity that would have led a reasonable police officer to conclude otherwise.

18. At no time on January 4, 2016 did plaintiff commit any crime or violation of law.

19. At no time on January 4, 2016 did defendants possess probable cause to approach or to arrest plaintiff.

20. At no time on January 4, 2016 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. At no time on January 4, 2016 did Plaintiff resist arrest or assault the Defendants.

3

22. Nevertheless, Plaintiff was formally arrested and taken into custody.

23. Plaintiff was then transported to a local area precinct where he was held for several hours before he was taken to Harlem Hospital to receive treatment for the injuries he sustained at the hands of the Defendants.

24. Plaintiff was then transferred back to the precinct.

25. Plaintiff was held for several hours at the precinct before he was transferred to New York County Central Booking where he was held for several additional hours before he was arraigned on charges and allegations fabricated by the defendants.

26. Plaintiff was then transferred to Manhattan Detention where he was held for several days pursuant to the Defendants' false allegations, before he was released on bail with a future court date.

27. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

28. The Defendants provided knowingly false and misleading information to prosecutors at the New York County District Attorney's Office.

29. Specifically, Defendant Kolman provided false statements to the New York County District Attorney's office in support of Plaintiff's arrest and prosecution that he observed Plaintiff spit out a bag of cocaine, though the alleged cocaine was never recovered.

30. Additionally, Defendant Tomy provided false statements to the New York County District Attorney's office in support of Plaintiff's arrest and prosecution that Plaintiff struck Defendant Tomy.

31. These statements are false and the Defendants knew these statements were false when they

were made.

32. Pursuant to Defendants' false allegations, Plaintiff was charged with two counts of assault in the third degree, one count of resisting arrest, and one count of attempted assault in the third degree.

33. Plaintiff was never charged with narcotics possession or any drug-related crime.

34. Plaintiff was prosecuted pursuant to these false allegations for several months before each of the criminal charges related to this incident were dismissed on a motion of the New York County District Attorney's office.

35. As a result of the foregoing, Plaintiff Angel Villafane sustained, *inter alia*, fear, loss of liberty, annoyance, alarm, and deprivation of his constitutional rights.

36. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

37. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff ANGEL VILLAFANE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

43. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION
## UNDER 42 U.S.C. § 1983

44. Plaintiff, ANGEL VILLAFANE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. Defendants misrepresented and falsified evidence before the New York County District Attorney.

46. Defendants did not make a complete and full statement of facts to the District Attorney.

47. Defendants withheld exculpatory evidence from the District Attorney.

48. Defendants were directly and actively involved in the initiation of criminal proceedings

6

against plaintiff.

49. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

50. Defendants acted with malice in initiating criminal proceedings against plaintiff.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

52. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

53. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

54. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

55. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, without probable cause.

### THIRD CLAIM FOR RELIEF FOR DENIAL OF FAIR TRIAL/ FABRICATION OF EVIDENCE UNDER 42 U.S.C. § 1983

56. Plaintiff ANGEL VILLAFANE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

57. The Defendants fabricated evidence to bring about the felony indictment against plaintiff.

58. The Defendants made false statements against plaintiff in order to secure his indictment and provided these statements to the district attorney's office.

59. As a result of the fabrication of evidence and denial of fair trial by the Defendants, plaintiff was subjected to pretrial confinement and restrictions associated with the grant of his bail,

and was forced to make several appearance in court pursuant to Defendants' false allegations before his charges were dismissed on a motion of the district attorney.

### FOURTH CLAIM FOR RELIEF FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

60. Plaintiff, ANGEL VILLAFANE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

62. As a result of the foregoing, plaintiff, ANGEL VILLAFANE, suffered physical injuries, mental anguish, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

63. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

64. The NYPD Defendants arrested, searched, and incarcerated plaintiff ANGEL VILLAFANE, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual defendants in their

capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

67. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

68. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iii. falsifying evidence and testimony to cover up police misconduct.

   iv. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ANGEL VILLAFANE.

69. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was searched and placed under arrest unlawfully.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.  an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
August 22, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020